IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | ) CASE NO. 15-14600 |
| **EVVI REED** | ) CHAPTER 7 CASE |
| Debtor(s) | ) JUDGE: ARTHUR I. HARRIS |
| **STEVEN S. DAVIS, Trustee** | ) ADVERSARY PROCEEDING NO. |
| Plaintiff | ) |
| vs. | ) **COMPLAINT TO SET ASIDE** <br> ) **AND TO RECOVER A** <br> ) **PREFERENTIAL TRANSFER** |
| **LEVEL II MANAGEMENT &** <br> **& CONSULTANTS, LLC** <br> c/o Ronda Smith <br> Attn: Managing Member <br> 2155 Waynoka <br> Euclid, OH 44117 | ) |
| and | ) |
| **RONDA SMITH** <br> 2155 Waynoka <br> Euclid, OH 44117 | ) |
| Also Notify: | ) |
| Catherine Brueck, Esq. <br> 333 Babbit Road <br> Suite 302 <br> Euclid OH 44123 | ) |
| Defendant | ) |

Now comes Plaintiff, by and through counsel, and states that the within action is brought pursuant to 11 U.S.C. Sec. 547 and 550, and Bankruptcy Rule 7001 for an Order authorizing him to set aside and to recover preferential transfers as and for the reasons set forth herein.

1. Jurisdiction of this Court over the instant matter is based upon Sec. 157 and 1334

of the United States Bankruptcy Code and other related statutes and as further implemented by General Order No. 2012-7, in that this action arises in the Bankruptcy Case of Evvi Reed, filed on August 12, 2015, being Case No. 15-14600, and presently pending before this Court.

2. This matter represents a core proceeding pursuant to 28 U.S.C. Section 157. To the extent, if any, this matter is not determined to be a core proceeding, Plaintiff herein consents to the final entry of orders or judgments by the Bankruptcy Judge.

3. Plaintiff is the duly appointed, qualified, and acting trustee herein.

4. On various dates, during the 90 days preceding the filing of this case, the defendant caused garnishments of the debtor's wages. These garnishments resulted in total payments of $1,460,53.

5. The aforesaid payments were made for or on account antecedent debts owed by the debtor before the transfer was made.

6. The transfer was made while the debtor was insolvent.

7. The aforesaid payments were made within 90 days of the date of filing of the petition.

8. Said payments enabled the defendant to receive more than it would have received if the case were a case under Chapter 7 of this Title, the transfer had not been made, and such creditor received payment of such debt to the extent provided by the provisions of Title 11.

9. As a result of the foregoing, the defendant received a preferential transfer as defined in 11 USC §547 and which is avoidable and recoverable by the plaintiff pursuant to 11 USC §550.

**WHEREFORE**, Plaintiff prays for judgment against the defendant for the sum of $1,460.53, and for such other and further relief to which the Plaintiff may be entitled in law or equity.

**Respectfully Submitted,**

**/s/ Steven S. Davis**
**STEVEN S. DAVIS (OSB# 0005789)**
Attorney for plaintiff
Steven S. Davis Co., LPA
1370 Ontario Street, #450
Cleveland, Ohio 44113
(216) 781-7272  Fax No. (216) 781-3312
Email: sdavis@davsicolpa.com